TERIJON WEITLING, Appellant, v. JOHN S. SORENSON, as Surviving Partner of the Firm of CROSSMAN & SIELCKEN in Liquidation, and IRVING TRUST COMPANY, as Executor, etc., of HERMANN SIELCKEN, Deceased, Respondents.

First Department, June 10, 1938.

*J. Alvin Van Bergh* of counsel [*Malvern B. Fink* with him on the brief; *Proskauer, Rose & Paskus,* attorneys], for the appellant.

*I. Gainsburg* of counsel [*J. P. Segal* and *Jay E. Whiting* with him on the brief; *Avery & Whiting,* attorneys], for the respondent Irving Trust Company.

COHN, J. Plaintiff appeals from a judgment rendered against him in favor of defendants after a trial before the court and a jury.

Weitling was employed as one of four export managers by the firm of Crossman & Sielcken under a written contract which entitled him to receive ten per cent of the profits of the concern beginning with the year 1914. He brought this action to recover from defendant Sorenson, as the surviving partner of the firm of Crossman & Sielcken, in liquidation, and from the defendant Irving Trust Company, as executor of the estate of Hermann Sielcken, his share of profits earned in the year 1915 but not collected until the year 1930. In 1915 the partnership had purchased and shipped for the account of a purchasing agent of the German government certain cargoes known as " Copenhagen cargoes " which were seized in transit by the British naval authorities as war prizes during the World war. The firm had treated as a loss in that year the value of the confiscated goods which then amounted to $380,761.54, and plaintiff's share of the profits for that year was diminished accordingly. After many years of litigation there was in the year 1930 a recovery by defendants of the sum of $727,618.93 from assets in the hands of the Alien Property Custodian. This salvage represented the value of the seized shipments plus accumulated interest.

Upon the trial which resulted in the judgment appealed from, defendants successfully resisted payment of plaintiff's claim on the ground that it had been discharged by two separate releases, one dated September 20, 1916, and the other December 22, 1917, and upon the further ground that plaintiff failed to establish there was any money due him from defendants.

This case was before this court upon a previous appeal. Then a judgment dismissing the complaint after a trial upon the issue of discharge of defendants by release dated December 22, 1917, was reversed for errors committed upon rulings of admissibility of evidence (241 App. Div. 377). We also indicated that there was an absence of any evidence that the 1917 release was under

seal and hence it could be a defense only if consideration had been given therefor. As to the other release dated September 20, 1916, although it had neither been pleaded nor relied upon at the first trial, we considered it and held that whether this instrument was intended to exclude plaintiff's right to share in any future recoveries on account of the seized cargoes was to be determined by parol evidence to explain its ambiguity.

In reversing the judgment following the first trial, this court, in an opinion by Mr. Justice UNTERMYER, specifically pointed out (1) that it was error to exclude parol evidence of the intention of the parties with respect to these releases which were ambiguous and " readily susceptible of the construction that the plaintiffs [there were four plaintiffs in the previous trial] retained an interest in any future award made on account of the loss incurred in 1915 " (Cf. 241 App. Div. at p. 382); (2) that it was error to exclude evidence " concerning the conduct of the parties with relation to the ' Copenhagen cargoes ' after the execution of the releases," and that in particular the court should have received proof that on July 1, 1920, plaintiffs had contributed a percentage of the legal expenses in prosecuting the claim upon the written statement of Crossman & Sielcken that " we calculate your interest in any recovery to be in the proportion of $30,239 to $524,259.21, or 5.768%; " (3) that the trial court should not have excluded evidence that on March 11, 1930, less than a month before payment of the award, there had been submitted by defendant Irving Trust Company to plaintiffs an agreement providing for an arbitration of any dispute that might arise in the distribution of the award.

At the second trial, the record of which is now under review, the court apparently overlooked each of these three directions. It excluded (1) conversations contemporaneous with the execution of the 1916 release which were had with the liquidating partners of Crossman & Sielcken by one of the export managers and other competent proof which bore directly upon the intention of the parties with respect to this release; (2) Exhibit 73 for identification, which was the letter dated July 1, 1920, sent by Nielson, one of the liquidating partners, to plaintiff and which had been offered for the purpose of showing an admission by Nielson that plaintiff's share of the recovery would be " in the proportion of $30,239 to $524,259.21, or 5.768%; " (3) plaintiff's Exhibit 79 for identification, which was a letter from the Irving Trust Company to plaintiff, wherein it appears that on March 11, 1930, the agreement providing for arbitration of any dispute that might arise in the distribution

of the award had been submitted by defendant Irving Trust Company. Other evidence consisting of correspondence and testimony which showed that plaintiff's interest in the Copenhagen cargoes was recognized by defendants was also excluded.

We can only repeat now what we said upon the previous appeal, namely, that this evidence, if received, might well convince a jury " that the equivocal language of the 1916 releases was not intended to deprive the plaintiffs of their interest in the proceeds of property, the value of which had already been deducted in calculating the profits of previous years."

In fairness to the trial judge, who exercised commendable patience in the conduct of this case, it must be observed that much of this testimony was apparently rejected upon the theory that statements made by the liquidating partners were not binding upon these defendants. These rulings were undoubtedly based upon the erroneous admission in evidence of defendants' Exhibit T, which was the record of a judgment rendered on November 11, 1933, by a referee to hear and determine in an action instituted by the Chase National Bank of the City of New York, as executor of Nielsen, against Sorenson, the Irving Trust Company, as executor of Sielcken, and others. That judgment decreed that in 1933 the sole right to liquidate the firm assets had been vested in the Irving Trust Company since 1917, and that neither Sorenson nor Nielsen had been liquidating partners. It was introduced for the obvious purpose of establishing that Crossman & Sielcken, in liquidation, were not bound by the acts of Sorenson and Nielsen after October 8, 1917. It affirmatively appears, however, that the summons and complaint in that action were not served on the plaintiff, and that he did not appear therein. Hence the judgment was in no way binding upon him. Its receipt in evidence was prejudicial error.

The evidence upon this trial showed that for the period between the years 1917 and 1930 defendant Irving Trust Company, its agents and its attorneys, held Sorenson and Nielsen out to the public as liquidators, termed them as such and permitted these men to hold themselves out in that way. They were thus represented as being vested with authority to wind up the business of the company. Their acts and declarations were accordingly binding upon defendants Irving Trust Company and Sorenson.

Defendants have argued at considerable length that plaintiff, even if credited with his share of the profits of the Copenhagen cargoes, nevertheless failed to establish that there was any money due him from defendants under the terms of his contract with Crossman & Sielcken and that, therefore, plaintiff was not entitled to any recovery in this action. Our examination of the documentary

proof and the other evidence in this case discloses that this contention of defendants is not sustained by the record.

In view of what we have already stated, it was unnecessary to consider other claims of error urged. Those referred to were prejudicial and warrant the granting of a new trial.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

O'MALLEY, UNTERMYER, DORE and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.